FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 MAY 26 AM 8: 18

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ULYSSES MCMILLAN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV 305-134 |
| | ) | (Formerly CR 304-21) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

___

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

___

Movant filed a motion to vacate, set aside, or correct his sentence under Title 28, United States Code, Section 2255. The government submitted its response to the motion. On May 17, 2006, the Court held an evidentiary hearing, at which time movant and his former counsel, Walter J. Lane, offered testimony. For the reasons that follow, the Court recommends that the Section 2255 motion be **GRANTED**, that the judgment in movant's underlying criminal case be **VACATED**, that an identical sentence be **RE-IMPOSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of movant.

### I. BACKGROUND

On July 13, 2004, a federal grand jury sitting in the Southern District of Georgia indicted movant on three counts of distribution of cocaine base under Title 21, United States Code, Section 841(a)(1). Movant retained Lane as counsel and pleaded guilty to one count

of the indictment on November 10, 2004. In the plea agreement, movant acknowledged that, while the individual count of the indictment to which he pleaded guilty alleged distribution of twenty-two grams of cocaine base, he was responsible for the distribution of a total of 61.4 grams of cocaine base.

The Presentence Investigation Report ("PSI") prepared prior to movant's sentencing hearing attributed 61.4 grams of cocaine base to movant and calculated a Sentencing Guidelines range of 121-151 months in prison. On February 11, 2005, the District Judge accepted the PSI and sentenced movant to 144 months imprisonment. Movant did not appeal the sentence.

Movant did, however, file a document with the Court entitled a "motion to set aside sentence imposed on 2-11-05." CR 304-21, Doc. 16. The "motion" was dated February 13, 2005, but was not docketed by the Clerk until March 3, 2005.

Movant filed his Section 2255 motion on September 23, 2005. In the motion, he asserts that his defense counsel did not file an appeal after being instructed to do so. In order to resolve the factual issue concerning whether movant requested that counsel file an appeal, the Court held an evidentiary hearing on May 17, 2006.[1]

At the hearing, movant testified that, two days after the sentencing hearing, he executed the "motion to set aside sentence imposed on 2-11-05." Movant testified that, in filing the "motion," he "thought [he] was trying to appeal the sentence."[2] According to

---

[1] The Court appointed new counsel to represent movant at the hearing.

[2] A transcript of the hearing has not been prepared. The quoted reference can be found in a recording of the hearing at FTR 10:15:40.

2

movant, he initially sent the document to the courthouse in Dublin, Georgia, where he was sentenced. Movant testified that the document was returned to him, and he then mailed it to Augusta, Georgia, where it was received and docketed by the Clerk on March 3, 2005.[3]

## II. ANALYSIS

The Court credits movant's uncontradicted testimony concerning his desire to appeal his sentence and for the February 13, 2005, document to serve as a notice of his intent to appeal his sentence.[4] Under Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, "a defendant's notice of appeal must be filed in the district court within 10 days after the later of the entry of either the judgment or the order being appealed . . . ." Rule 3(c) of the Federal Rules of Appellate Procedure provides that a notice of appeal should specify the party taking the appeal, the judgment or order being appealed, and the name of the court to which the

---

[3] Movant also testified that he asked Lane to file an appeal for him, that Lane indicated that he would meet with movant concerning the appeal, and that he never heard from Lane again. Conversely, Lane testified that he advised movant of the futility of an appeal and that movant never indicated that he desired to file one. For the reasons stated infra, the Court need not make a credibility determination on the issue of whether movant instructed that Lane file an appeal.

[4] The Court likewise credits movant's testimony indicating that he attempted to file the document two days after his sentencing hearing. Movant was sentenced in Dublin, Georgia, and it is not unreasonable for a prisoner to conclude that the appropriate place to challenge his sentence would be the place of sentencing. Movant was unaware that no Clerk of Court or other court personnel is on hand in the Dublin courthouse to accept court filings.
  Thus, the Court construes the document to have been constructively filed on February 13, 2005, the date on which it was signed and mailed, two days after the sentencing hearing, despite the fact that the Clerk did not receive the document until March 3, 2005. See Gracey v. United States, 131 Fed. Appx. 180, 181 (11th Cir. 2005) (holding that, under "mailbox rule," pleadings are "deemed filed on the date that the prisoner delivers the motion to prison authorities for mailing"); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001) (finding that "mailbox rule" applies even when the motion is "never received or filed by the court").

3

appeal is taken. According to Rule 3(c)(4), however, "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise unclear from the notice."

The Eleventh Circuit has observed that "[w]hile mere failure to comply with Rule 3(c)'s technical requirements will not preclude the Court from hearing an appeal on the merits, a petitioner must still file 'the functional equivalent of a notice of appeal.'" Cotton v. United States Pipe & Foundry Co., 856 F.2d 158, 162 (11th Cir. 1988) (citing Foman v. Davis, 371 U.S. 178, 181-82 (1962)). Indeed, courts have the discretion, "when the interests of substantive justice require it, to disregard irregularities in the form or procedure for filing a notice of appeal." Rabin v. Cohen, 570 F.2d 864, 866 (9th Cir. 1978) (citing Cobb v. Lewis, 488 F.2d 41, 44 (5th Cir. 1974)); cf. Peoples v. United States, 337 F.2d 91, 93 (10th Cir. 1964) (finding oral notice of appeal given in court insufficient to put government on notice of intent to appeal). "A paper will not be deemed inadequate as a notice of appeal because of informality in its form or title, so long as from its nature it evidences an intention to appeal." Fitzsimmons v. Yeager, 391 F.2d 849, 853 (3d Cir. 1968). The latitude allowed by a court in construing the technical requirements in a notice of appeal is further extended when, as here, a litigant is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that pleadings drafted by pro se litigants are held to less stringent standards than those drafted by lawyers).

In the document submitted by movant on February 13, 2005, movant indicates the title of the case and the identity of the moving party, then provides:

Defendent [sic] hereby submits this motion to set aside sentence imposed on

4

> 2-11-05. Grounds for this motion are inadiquate [sic] counsel. On page 13 of the defendants [sic] P.S.I. report it reads that defentend [sic] had no objections to said report and was dated 1-10-05. The defendent [sic] never saw said report until 2-11-05 fifteen minutes before court. The Defendent [sic] does have objections to this report and hereby submits this motion.

CR 304-21, Doc. 16. According to the document, copies were sent to movant's counsel, the United States Probation Office, and the United States Attorney.[5]

The Court finds that movant's February 13, 2005, "motion," inartfully pleaded though it was, should, in the interests of justice, have been construed as a notice of appeal. While it is not clear from the document itself that movant intended to appeal his sentence formally, it is clear that movant intended to challenge his sentence, be it through motion or appeal. The Court also has credited movant's testimony at his May 17, 2006, hearing, to the effect that he intended to appeal his sentence in filing the February 13 document. The Court finds that movant constructively filed the document two days after his sentencing hearing, well within the ten days allotted under Rule 4(b).

In light of the latitude required by the Rules of Appellate Procedure and observed by courts in construing notices of appeal that do not comply with Rule 3(c) technical requirements, and with deference to movant's status as a pro se litigant, the Court finds that the February 13, 2005, document should have been construed as a notice of appeal and that movant should be allowed to proceed with an out-of-time appeal of his sentence to the Eleventh Circuit. Because the Court finds that movant is entitled to an out-of-time appeal based on the February 13, 2005, document alone, the Court does not reach the issue of

---

[5]The government construed the document as a motion and responded to it on March 29, 2005. CR 304-21, Doc. 17.

whether movant instructed his counsel to file an appeal and accordingly declines to make a credibility determination concerning the witness testimony on this issue at the May 17, 2006, hearing.

When a court determines that an out-of-time appeal is the proper remedy in a Section 2255 proceeding, the Eleventh Circuit directs that the court proceed as follows:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). Accordingly, the Court recommends that the procedure set forth in Phillips be followed in this case to reinstate movant's right to appeal. Unless movant elects to retain his own counsel for the appeal,[6] the Court recommends that the presiding District Judge appoint counsel prior to the re-sentencing. After the reimposition of movant's sentence, movant, through counsel, will be allowed ten days in which to file a formal notice of appeal.

## III. CONCLUSION

For the foregoing reasons, the Court finds that movant constructively filed a notice of appeal on February 13, 2005. Therefore, the Section 2255 motion should be **GRANTED**,

---

[6] If movant does choose to retain his own counsel for the appeal, he is **DIRECTED** to file a notice with the Court indicating his intention to retain counsel within the time period allowed for filing objections to this Report and Recommendation. Otherwise, the Court will appoint counsel to represent movant.

6

the judgment in movant's underlying criminal case should be **VACATED**, an identical sentence should be **RE-IMPOSED**, this civil action should be **CLOSED**, and a final judgment should be **ENTERED** in favor of movant.

SO REPORTED AND RECOMMENDED this 26th day of May, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE